CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD SCOTT KELLER, ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00612 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Richard Scott Keller, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Keller challenges the validity of his confinement under the 2003 judgment of the Circuit Court for the City of Waynesboro, finding him guilty of possession of a firearm as a convicted felon and sentencing him to five years imprisonment. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

Keller pled not guilty to the charge of possessing a firearm after being convicted of a felony. On September 15, 2003, a jury found him guilty as charged and recommended a sentence of five years imprisonment, which the court later imposed. Keller appealed, arguing that the court improperly instructed the jury regarding the sentence. The Court of Appeals of Virginia denied the petition for appeal on May 10, 2004. Keller did not appeal to the Supreme Court of Virginia.

Keller then filed a state habeas petition in the Circuit Court for the City of Waynesboro on September 22, 2004. There he raised the following claims of ineffective assistance: a) failure to file a motion for discovery; b) failure to file a motion for Brady material; c) failure to file a motion to suppress the two guns seized from petitioner's residence on the ground that officers entered the residence without permission;[1] and d) failure to investigate the case prior to trial. The court

---

[1] These two guns were the basis for Keller's subsequent criminal charge and conviction. The Court of Appeals addressed this claim at length and found it to be without merit under Strickland: Both the petitioner and the police officers who entered the home had a chance to

1

dismissed the petition by order dated June 24, 2005. Keller did not appeal to the Supreme Court of Virginia.

The court construes Keller's federal habeas petition as alleging the following grounds for relief:

1.  Counsel failed to address constitutional violations that Keller complained about:

    a.  Counsel failed to challenge lack of probable cause or exigent circumstances for a "curtilage search";

    b.  Counsel failed to challenge "warrantless entry violations of the Fourth Amendment";

2.  The court misrepresented facts to the jury concerning petitioner's prior felony convictions;

3.  Petitioner lacked intent to violate state law, as he relied on a mistaken interpretation of law presented by a public servant;

4.  Police coerced statements from petitioner;

5.  Virginia Code 18.2-308.2 is unconstitutional because it abridges petitioner's rights under the Second Amendment without due process; and

6.  The prosecution knowingly used perjured testimony at trial, in violation of due process.

I.

Keller has exhausted state court remedies as required under 28 U.S.C. § 2254(b) because it is undisputed that he has no such remedies available at this time. See Teague v. Lane, 489 U.S. 288,

---

testify at trial. The police officers testified under oath at trial that petitioner consented to them entering the house. Defendant's testimony at trial was not consistent concerning whether or not he consented to the police officers' entrance of his home. Petitioner admits that he did tell the officers to come in but argues that he said that only after they had already entered the house. . . . Given the police officers' affirmative testimony that petitioner invited them in, contrasted with petitioner's own inconsistent testimony about his consent, it is likely that the Commonwealth would have defeated [a] Motion to Suppress. It therefore follows that petitioner cannot show that the Motion to Suppress would reasonably likely have been granted [or that] the result of the proceeding would have been different.

Cir. Ct. Opinion Letter, dated May 10, 2005, at 2-3. This court cannot find that the state court's adjudication of Keller's claim is contrary to, or an unreasonable application of, established federal law, or that it is based on an unreasonable determination of the facts in the record. See 28 U.S.C. § 2254(d). Therefore, even if Keller could somehow circumvent his procedural default of this claim, the court is constrained under § 2254(d) to deny federal habeas relief in deference to the reasonable findings of the state court.

2

298 (1989). Because his claims were either dismissed, or would now be dismissed, by the state court on procedural grounds, however, the claims are also procedurally barred from federal habeas review.

Keller has never raised the following claims in any state court, post-conviction proceeding: Claims 1a, 2, 3, 4, 5, and 6. Any new petition he filed raising these claims now would be dismissed by the state courts under Virginia Code § 8.01-654(B)(2), Virginia's prohibition against successive petitions, because he already filed a state habeas petition, or under Virginia Code § 8.01-654(A)(2), because more than one year has elapsed since completion of his appeal proceedings and more than two years has passed since his conviction. It is also too late for a direct appeal raising these claims. See Sup. Ct. Va. Rule 5:17(a)(2). Because the state courts would now find these claims to be procedurally defaulted, this court is precluded from addressing these claims on the merits, absent a showing of cause and prejudice or actual innocence to circumvent the default. Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997) (finding § 8.01-654(B)(2) to be adequate and independent state law ground barring federal habeas review).

Keller presented Claim 1b in his state habeas petition, alleging that counsel provided ineffective assistance by failing to raise a Fourth Amendment objection regarding officers' warrantless entry into Keller's home. The circuit court found this ineffective assistance claim to be without merit, pursuant to Strickland v. Washington, 466 U.S. 668 (1984). Keller procedurally defaulted the claim, however, by failing to appeal the circuit court's ruling to the Supreme Court of Virginia. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) (finding that failure to appeal claims disposed of by state habeas trial court constitutes procedural bar to federal habeas review). Unless Keller can show cause and prejudice or actual innocence, he is precluded from federal habeas review. Gray, 99 F.3d at 163.

Keller argues that ineffective assistance of counsel caused his defaults. Errors of counsel may serve as cause to excuse the procedural default of a specific constitutional claim, but only if petitioner demonstrates (1) that the errors were so egregious that they violated petitioner's

3

constitutional right to effective assistance of counsel, Strickler v. Green, 527 U.S. 263, 283 (1999), and (2) that the ineffective assistance claim itself is not procedurally defaulted, Edwards v. Carpenter, 529 U.S. 446 (2000). Keller alleges that after the appeal was denied, counsel failed to inform Keller of the right to appeal further to the Supreme Court of Virginia, but instead, indicated that a state habeas petition was the next legal remedy available to Keller. Because Keller failed to raise any claim to the Supreme Court of Virginia regarding counsel's alleged ineffective assistance regarding the appeal, any such claim is procedurally defaulted, Teague, 489 U.S. at 298, and cannot serve as cause to excuse Keller's default of other claims. As he fails to offer any other viable cause for defaulting his claims, show resulting prejudice, or present a colorable claim of actual innocence, this court must grant the motion to dismiss on the ground of procedural default as to all of Keller's federal habeas claims. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _10th_ day of May, 2006.

*James C. Turk*
Senior United States District Judge

4